STROUD, Judge.
 

 *287
 
 On issuance of a writ of certiorari, the State challenges an order granting defendant's motion for reconsideration and motion for appropriate relief. Because the requirements for counsel to advise a defendant of the immigration consequences of a plea agreement established by
 
 Padilla
 
 do not apply retroactively, we reverse.
 

 In 1997, defendant pled no contest to possessing cocaine with the intent to sell or deliver. In 2015, defendant filed a motion for appropriate relief. Defendant alleged that at the time of his plea, "no factual basis existed in fact or in law to support that Defendant's possession of cocaine was with intent to sell and/or deliver." On 19 July 2016, at the hearing on the matter, defendant raised a claim under
 
 Padilla v. Kentucky
 
 ,
 
 559 U.S. 356
 
 ,
 
 130 S.Ct. 1473
 
 ,
 
 176 L.Ed.2d 284
 
 (2010), and argued he was not informed of the
 
 *288
 
 impact his conviction would have on his immigration status, particularly the risk of deportation. The trial court specifically noted defendant was raising a ground not part of his filed MAR but allowed defendant to amend his written motion.
 

 On 22 July 2016, defendant filed his amended MAR, alleging that when he entered his plea, he was not advised, as required by
 
 Padilla
 
 , "that a criminal felony conviction could be a basis for deportation proceedings." On 18 August 2016, the trial court entered an order denying defendant's MAR. The trial court found that "Defendant was advised of the consequences regarding the possibility of deportation, exclusion from this country, and the denial of naturalization under federal law at the time the plea was entered, as evidenced by the transcript of plea contained in the court file[.]" The order also decreed that "Petitioner's failure to assert any other grounds in his Motion is a BAR to any other claims, assertions, petitions, or motions he might hereafter file in this case, pursuant to N.C.G.S. § 15A-1419 [.]" (Emphasis in original).
 

 In 2017, defendant filed a motion to reconsider his amended MAR. Defendant's motion for reconsideration alleged he was entitled to reconsideration under
 
 State v. Nkiam
 
 ,
 
 369 N.C. 61
 
 ,
 
 791 S.E.2d 457
 
 (2016). The application of
 
 Padilla
 
 as discussed in
 
 Nkiam
 
 was the only ground for reconsideration defendant alleged. The trial court held a hearing on the motion to reconsider on 1 June 2017, and on 13 June 2017, the trial court entered an order granting defendant's motion for reconsideration and his MAR. The trial court found that defendant "was not informed of the absolute consequences that he would be removed and/or deported by the Federal Government as a result of his 'nolo contendere' plea for a time served sentence" and decreed that he was "not provided effective counsel," "denied the right to trial by jury[,]" and convicted "in violation of the Constitution of the United States or the Constitution of North Carolina." (Quotation marks omitted.) The State filed a petition for a writ of certiorari, which this Court allowed.
 

 As noted, defendant's motion for reconsideration was based on
 
 Nkiam
 
 , and his argument at the hearing also focused on
 
 Nkiam
 
 ,
 
 *94
 
 which his counsel argued "surprised a lot of the bar" and placed a "fairly heavy burden" on defense counsel by going "beyond what a lot of people interpreted
 
 Padilla
 
 " required "as just advising of risk."
 
 Nkiam
 
 was decided by this Court in 2015, and the North Carolina Supreme Court ultimately concluded
 
 per curiam
 
 that discretionary review was improvidently allowed.
 
 See
 

 Nkiam
 
 ,
 
 369 N.C. 61
 
 ,
 
 791 S.E.2d 457
 
 . Defendant's counsel argued that when the trial court denied his original MAR, the precedential value of
 
 Nkiam
 
 was "pretty much clouded" but since the Supreme
 
 *289
 
 Court had dismissed the appeal,
 
 Nkiam
 
 had become "the law of this state[.]" Defense counsel argued that because
 
 Nkiam
 
 required counsel to advise an immigrant defendant he would be deported, and not just that he had a risk of deportation, his plea was not entered knowingly and voluntarily under
 
 Padilla
 
 . Defendant argued no basis for reconsideration or for his MAR other than his counsel's failure to advise him of the consequences of his plea based upon
 
 Padilla
 
 and
 
 Nkiam
 
 .
 

 On appeal, the State contends the trial court erred in allowing defendant's motion for appropriate relief because
 
 Padilla
 
 does not apply retroactively to defendant. The State is correct; in
 
 State v. Alshaif
 
 , this Court determined
 
 Padilla
 
 did not apply retroactively and concluded:
 

 Padilla
 
 raises the question of the extent to which attorneys can be expected to anticipate the expansion of their obligations under
 
 Strickland
 
 [
 
 v. Washington
 
 ,
 
 466 U.S. 668
 
 ,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984) ] and the Sixth Amendment. We conclude that
 
 Padilla
 
 was a significant departure from prior requirements and hold that the decision therefore created a new rule,
 
 the retroactive application of which would be unreasonable
 
 . We therefore hold that the trial court did not err by concluding that
 
 Padilla
 
 was inapplicable to Defendant's case.
 

 State v. Alshaif
 
 ,
 
 219 N.C. App. 162
 
 , 171,
 
 724 S.E.2d 597
 
 , 604 (2012) (emphasis added).
 

 Defendant entered his plea in 1997;
 
 Padilla
 
 was decided in 2010, and is not applied retroactively.
 
 See
 
 id.
 

 Defendant's and the trial court's reliance upon
 
 Nkiam
 
 is misplaced because it does not address retroactivity. In
 
 Nkiam
 
 , the defendant entered his plea in 2013, so the requirements of
 
 Padilla
 
 applied.
 
 See generally
 

 State v. Nkiam
 
 ,
 
 243 N.C. App. 777
 
 , 778,
 
 778 S.E.2d 863
 
 , 864 (2015). Based upon
 
 Padilla
 
 ,
 
 Nkiam
 
 held that counsel must advise the defendant not just of a
 
 risk
 
 of deportation if the consequence of the particular conviction is clearly deportation.
 

 Id.
 

 at 786
 
 ,
 
 778 S.E.2d at 869
 
 . But since
 
 Padilla
 
 does not apply retroactively,
 
 Nkiam
 
 also has no application to defendant's plea or MAR. We therefore reverse the trial court's order. Because we are reversing based on
 
 Padilla
 
 , we need not address the State's other issue on appeal.
 

 Defendant contends this Court should affirm the order because the trial court found a second ground, not based on
 
 Padilla
 

 ,
 
 for allowing his MAR. Defendant further argues that since the State has failed to address any basis for the MAR other than
 
 Padilla
 
 in its brief, the State has waived by failing to challenge the alternate ground. Defendant bases this argument mostly on the trial court's statement near the end of the
 
 *290
 
 hearing, "I'm thinking out loud, does that make this plea not a knowing, willful, understanding or as they say on the back here, it's the informed choice of the defendant made freely, voluntarily and understandingly,
 
 without even considering
 

 Padilla
 
 [.]" (Emphasis added.) Defendant also contends the order is based upon something other than
 
 Padilla
 
 based upon the portion of the order which states, "[t]he Court further finds his plea was not the result of an effective waiver of his State and Federal Constitutional rights to trial by jury, nor was he effectively advised of the same[.]" But defendant's argument takes the trial court's "thinking out loud" and the quoted portion of the order entirely out of context. Defendant's amended MAR and motion to reconsider raised only one basis for relief: that he was not properly informed of the consequences of his plea under
 
 Padilla
 
 . Defendant's argument at the hearing addressed the same issue and no other. In fact, defendant does not argue any possible facts that could even support a conclusion he did not enter into his plea voluntarily and understandingly
 
 *95
 
 other than failure to be sufficiently advised of his rights under
 
 Padilla
 

 .
 

 Because
 
 Padilla
 
 does not apply retroactively, the trial court erred by granting defendant's MAR on this basis, so we reverse and remand.
 

 REVERSED and REMANDED.
 

 Judges DILLON and BERGER concur.